Hotel 237, LLC v G.M. Canmar Residence Corp. (2025 NY Slip Op 00785)

Hotel 237, LLC v G.M. Canmar Residence Corp.

2025 NY Slip Op 00785

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., González, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 657772/19 Appeal No. 3666 Case No. 2024-01714 

[*1]Hotel 237, LLC, Plaintiff-Appellant,
v
G.M. Canmar Residence Corp., Defendant-Respondent.

Rosenberg & Estis, P.C., New York (Alex M. Estis of counsel), for appellant.
Romer Debbas LLP, New York (Steven Kirkpatrick of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about February 22, 2024, which granted defendant's motion to disqualify plaintiff's counsel, unanimously affirmed, with costs.
Defendant's motion to disqualify plaintiff's counsel was properly granted. Plaintiff's counsel hired an attorney, Brett Gossett, who had formerly represented defendant in this action. It is undisputed that, while representing defendant, Gossett prepared and filed the answer to the complaint, discovery responses, motion documents, and engaged in correspondence with plaintiff's counsel.
Under rule 1.10 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0), when a lawyer joins a firm, the firm may no longer represent a party with interests in a matter that are materially adverse to that lawyer's former clients in the same matter. The only exception is if the newly-associated lawyer "did not acquire any information protected by [confidentiality obligations] that is material to the current matter" (rule 1.10 [c]). By contrast, after a lawyer has left the firm, it may represent that lawyer's former clients "not currently represented by the firm" unless the firm or its remaining lawyers possess confidential information (rule 1.10 [b]). Plaintiff's counsel contends that, because it no longer employed Gossett when the motion to disqualify was heard, it falls within the latter situation. Given its employment of Gossett during this litigation, however, rule 1.10 (c) applies. Rule 1.10 (b), by its terms, only covers clients "not currently represented by the firm."
Therefore, if Gossett acquired protected information material while representing defendant on this matter, then by hiring him plaintiff's counsel became prohibited from representing plaintiff. Given Gossett's prior work on this case, he is presumed to have acquired material confidences, and plaintiff's counsel has not met the "especially heavy" burden of rebutting that presumption (Kassis v Teacher's Ins. & Annuity Assn. , 93 NY2d 611, 619 [1999]). Indeed, plaintiff's counsel has not even introduced an affidavit by Gossett himself.
Although plaintiff's counsel offers conclusory assertions that it erected ethical walls around Gossett, such walls would not cure the conflict. The necessary implication of rules 1.10 (b) and (c) is that screening lawyers permits adversity to their former clients on a matter only after they have left the firm (see also Kassis , 93 NY2d at 617, 619 [finding ethical walls sufficient to prevent disqualification only where the conflicted attorney has not acquired material confidences]). Moreover, while certain rules state that screening conflicted lawyers is sufficient, rule 1.10 (c) does not (compare rule 1. 10 [c] with rules 1.11 [b], [c]; 1.12 [d]; 1.18 [d] [2] [permitting representation where conflicted lawyer is properly excluded from the matter]).
Although this conflict "may be waived . . . under the conditions stated in Rule 1.7" (rule 1.10 [d]), the record [*2]does not show that defendant gave "informed consent, confirmed in writing" (rule 1.7 [b] [4]). Therefore, disqualification is required.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025